IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02CV315-03-MU

| | |
|---|---|
| WILLIAM KEITH BRADLEY,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>BILL BAKER, Supt. Of Avery Mitchell  )<br>Correctional Institution,  )<br>)<br>Respondent.  )<br>_____)  | **O R D E R** |

**THIS MATTER** comes before the Court on Petitioner William Bradley's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1) and Respondent's Motion for Summary Judgment, (Document No. 7.) For the reasons stated herein, the instant Petition will be dismissed and Respondent's Motion for Summary Judgment granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

A review of the record reveals that Petitioner pled guilty to larceny and possession of stolen goods and entered a plea of guilty to being a habitual felon on April 3, 2000 and was sentenced to 107 to 138 months on April 6, 2000. Petitioner did not appeal his sentence or conviction. On March 9, 2001, 11 months after he was sentenced, Petitioner filed a Motion for Appropriate Relief (MAR) in Mecklenberg County Superior Court, which was denied on March 21, 2001. On July 30, 2001, Petitioner filed a Petition for Writ of Certiorari in the North

1

Carolina Court of Appeals, which was denied on August 13, 2001. Petitioner then filed a second Petitioner for Writ of Certiorari in the Supreme Court of North Carolina, which was denied on May 9, 2002.

On July 10, 2002, some 27 months after Petitioner's conviction became final, Petitioner filed the instant Petition for Writ of Habeas Corpus alleging that: (1) his guilty plea was a product of unlawful inducement, not made voluntarily will the full understanding of the nature of the charges, the sentencing scheme and the consequences of the plea; and (2) North Carolina's habitual felony statute is unconstitutional as applied to Petitioner.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the record reflects that Petitioner's Habeas Petition is time-barred. That is, the record establishes that after Petitioner was sentenced, he did not directly appeal. Instead, he waited approximately 11 months and filed an MAR on March 9, 2001, which was denied on March 21, 2001. He then filed a Petition for a Writ of Certiorari in the North Carolina Court of Appeals on July 30, 2001 which was denied on August 13, 2001. Petitioner then waited another 11 months before filing the instant federal habeas petition. Based on this record, Petitioner's conviction became final approximately 10 days after he was sentenced which is April 16, 2000. Under the one-year period of limitation under AEDPA, as set out above, Petitioner had until April 16, 2001 to file his federal habeas petition.[1]

Notwithstanding the fact of the Petitioner's belated attempt to pursue collateral review beginning on March 9, 2001, such fact if of little consequence in this case. Although the one-year period of limitations can be tolled while a properly filed state post-conviction action is pending, see 28 U.S.C. § 2244(d)(2), that period is only about 5 months in this case. Since 11 months had elapsed from when Petitioner's conviction became final until he began the MAR

---

[1] Respondent contends that Petitioner did not have the right to directly appeal his conviction because of his plea of guilty, however this Court is giving the Petitioner the benefit of the doubt and calculating the time as if he had the right to appeal, which is 10 days after his April 6, 2000 judgment, i.e. on April 16, 2000..

process, he had about 1 month from the end of the MAR process to file his federal habeas petition. However, 11 more months elapsed before Petitioner filed his federal habeas petition. Therefore, even if this Court were to toll the one-year deadline for the brief 5 month period during which the Petitioner's case was on collateral review, such extension would not help to revive a petition which was time-barred upon its filing.[2]

Furthermore, it is quite apparent that the Petitioner, despite having been given an opportunity to do so, has failed to articulate a proper basis for tolling the applicable limitation period or otherwise extending the time in which to file the instant Motion. Rather, the Petitioner, aware of this bar to his petition, as it was raised it the state's motion for summary judgment and the Court specifically pointed it out to Petitioner in its <u>Roseboro</u> notice, (Document No. 9), Petitioner simply claims that his petition is not time-barred since the Ninth Circuit decision on the three strikes law is not final. The Court is not aware of the Ninth Circuit case to which Petitioner is referring and is not clear how a case from a different circuit would have any binding authority in this circuit.

Therefore, the Petitioner's Writ of Habeas Corpus Petition must be <u>dismissed</u> as it is untimely.

---

[2] The Court is aware that Petitioner filed a petition for writ of certiorari with the North Carolina Supreme Court seeking further review of the decision rendered by the Superior Court after the North Carolina Court of Appeals had already denied petitioner's petition for certiorari. However, a decision of the North Carolina Court of Appeals on a MAR is final and not subject to review. <u>See</u> N.C.G.S. § 15A-1422(f) and N.C.R. of App. P., 21(e). Therefore, the petition for certiorari, which was denied on May 9, 2002, was not a "properly filed" state post conviction action and could not toll the one-year period of limitation. <u>See</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 7 (2000). Moreover, even if the Court were to toll the period of time in which Petitioner filed his second MAR, his federal habeas petition is still untimely in that it was filed 2 months after the court denied the second MAR and at that point in time he had only 1 month left in the one-year period to file his federal habeas petition.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** and Respondent's Motion for Summary Judgment is **GRANTED**.

**Signed: July 25, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge